# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60136
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

WAYNE D. RAMSAY,

Petitioner−Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent−Appellee.

Appeal of a Decision of
the United States Tax Court
No. 15959-14

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

Wayne Ramsay, *pro se*, appeals a decision of the United States Tax Court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60136

imposing a recalculated deficiency of $3,203, reduced from $4,243, for the 2011 taxable year. The issues addressed by the Tax Court were (1) whether Ramsay's taxable income included imputed income of $891 from a former employer's purchase of a life insurance policy and (2) whether the Tax Court had jurisdiction to decide Ramsay's liability for interest on the deficiency.

In a concise but comprehensive Memorandum Findings of Fact and Opinion, the Tax Court explained that "[b]oth issues . . . arise because petitioner changed his Federal income tax reporting positions after the IRS sent him the notice of deficiency." The Tax Court observed that Ramsay's reporting of the $891 "constituted an admission that must be overcome by cogent evidence" (citations omitted) and that Ramsay had not overcome the presumption. The Tax Court carefully explained the effect of that procedural posture on the treatment of any overpayment or deficiency. Finally, the Tax Court agreed with the Commissioner that "there is no applicable exception here to the general rule that the [Tax] Court lacks jurisdiction to determine interest in a deficiency case" (citation omitted).

We have reviewed the record, the briefs, and the applicable law. The decision of the Tax Court is AFFIRMED, essentially for the reasons stated in the Memorandum. Ramsay's Motion for Protective Order, filed in this court on July 2, 2018, is DENIED.